1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7               **FOR THE DISTRICT OF ARIZONA**
8
**LUIS MARIANO MARTINEZ,**              )
9                                       )
         **Petitioner,**                )
10                                      )
         **v.**                         )   **CIV 08-00785 PHX JAT (MEA)**
11                                      )
**DORA B. SCHRIRO, et al.,**            )   **REPORT AND RECOMMENDATION**
12                                      )
         **Respondents.**               )
13   _____    )
14   **TO THE HONORABLE JAMES A. TEILBORG:**
15          Petitioner, who is represented by counsel from the
16   Arizona Justice Project which is affiliated with the Arizona
17   State University School of Law, filed a petition for a writ of
18   habeas corpus pursuant to 28 U.S.C. § 2254 on April 24, 2008.
19   See Docket No. 1.   Respondents filed a Limited Answer to
20   Petition for Writ of Habeas Corpus ("Answer") (Docket No. 10) on
21   July 28, 2008, asserting Petitioner's habeas claims are
22   procedurally barred.   Petitioner filed a Reply to the Limited
23   Answer to his habeas petition through counsel on September 2,
24   2008.   See Docket No. 11.
25          **I Procedural History**
26          In August of 2001 a jury found Petitioner guilty on two
27   counts of sexual conduct with a minor under the age of 15.   See
28   Answer, Exh. I.   The crimes were alleged to have occurred on a

single date in 1999 and involved one victim, a girl eleven years of age on that date.  E.g., id., Exh. E at 1-2.  The victim was the child of Petitioner's wife, who resided with the couple and her two brothers.  Id., Exh. E at 1-2.  A video-tape of a forensic interview with the victim by a social worker, during which the victim described the abuse, was shown to the jury over the objection of defense counsel.  See id., Exh. E at 5.

After Petitioner's arrest and before his trial, the victim recanted her statements to various individuals, including her grandmother.  Id., Exh. E at 8.  The victim's grandmother and the other individuals to whom the victim recanted her statements testified at Petitioner's trial.  Id., Exh. E at 8. Additionally, a second forensic interview with the social worker, during which interview the victim recanted her allegations, was shown to the jury.  Id., Exh. E at 6.

Petitioner was represented by an appointed public defender at his trial.  See id., Exh. B.  At Petitioner's trial, in response to questions from the prosecution, the victim repeatedly answered "I don't know" or "I don't remember."  Id., Exh. N at 3.  At Petitioner's trial the victim denied Petitioner had sexually abused her.  Id., Exh. I at 3.

The victim's mother, Petitioner's wife, testified for the defense.[1]  Id., Exh. E at 10.  Petitioner's wife testified

---

[1] Prior to the trial the Superior Court appointed counsel to represent Petitioner's wife because the state informed the court it believed Petitioner's wife committed a criminal act by providing the media with a copy of the grand jury transcript.  Outside the presence of the jury, before she testified at Petitioner's trial, the state indicated that they were considering charging Petitioner's wife

that she did not believe her daughter had told the truth about the alleged incident. Id., Exh. E at 12. Petitioner's wife also testified that her daughter had told her the daughter had lied about the alleged abuse both to the police and in the initial forensic examination. Id., Exh. E at 12-14.

On February 19, 2002, pursuant to the jury finding him guilty, Petitioner was sentenced to consecutive terms of life imprisonment with no possibility of parole for 35 years pursuant to each conviction for sexual conduct with a minor. Id., Exh. I.

Petitioner took a direct appeal of his convictions and sentences. Id., Exh. I. Petitioner was represented by retained counsel, Ms. Levitt, in his direct appeal. Id., Exh. B. In his direct appeal Petitioner asserted that the verdicts were against the weight of the evidence and that the trial court erred by denying his motion for a mistrial based on prosecutorial misconduct. Id., Exh. J (petition for review to the Arizona Supreme Court). Petitioner also asserted the trial court erred by denying his motion for a new trial based on newly discovered evidence, i.e., exculpatory statements in the victim's diary which were produced by the victim's mother after the trial. Id., Exh. J.

---

with a crime, i.e., disclosure of the transcript. The state also asserted that any discrepancies in Petitioner's wife's testimony and her earlier statements might result in charges of perjury. In response, defense counsel moved for a mistrial based on prosecutorial misconduct for threatening a defense witness, informing the court that Petitioner's wife was shaken and afraid to testify on Petitioner's behalf, affecting her credibility before the jury. Answer, Exh. E at 11.

Petitioner's direct appeal was stayed on May 13, 2002, to allow Petitioner's then-pending first action for post-conviction relief to be decided by the trial court.  See id., Exh. A.  The same retained counsel represented Petitioner in his direct appeal and his first state action for post-conviction relief.  Id., Exh. B & Exh. D.  After the conclusion of Petitioner's first action for post-conviction relief, on March 22, 2004, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences in his direct appeal.  Id., Exh. I.  Petitioner sought review of this decision by the Arizona Supreme Court, which declined review on September 21, 2004.  Id., Exh. K.

Petitioner had initiated a first state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 28, 2002, prior to the time his direct appeal was decided.  Id., Exh. B.  Petitioner was represented by retained counsel, Ms. Levitt, in his first post-conviction action.  Id., Exh. B & Exh. F.  After asking for several extensions of time to review the record, Petitioner's counsel informed the state court she could find no meritorious argument to raise on Petitioner's behalf.  Id., Exh. F.  Petitioner did not file a *pro se* pleading in his Rule 32 action and, when the time for doing so expired on April 28, 2003, the state court dismissed the Rule 32 action.  Id., Exh. G.  As stated supra, upon this dismissal Petitioner's ultimately unsuccessful direct appeal resumed and concluded in September of 2004.

-4-

Petitioner initiated a second state Rule 32 action on October 18, 2004.  Id., Exh. L.  In his memorandum of law filed in that action on February 2, 2005, through his current counsel, Petitioner argued to the state court that his trial counsel was unconstitutionally ineffective.  Id., Exh. M. Petitioner alleged counsel should have introduced counsel's pretrial interview with the victim as evidence at Petitioner's trial.  Petitioner asserts this potential evidence was exculpatory and that counsel also failed to put before the jury other exculpatory pretrial statements made by the victim.  Petitioner asserted his trial counsel failed to properly impeach the victim's credibility.

Petitioner also alleged his trial counsel erred by not properly impeaching an investigating police officer's testimony. Id., Exh. M.  Petitioner further asserted that his trial counsel erred by not fully investigating "Child Sexual Abuse Accommodation Syndrome" ("CSAAS").  Petitioner alleges he was prejudiced by this error when his trial counsel failed to properly cross-examine the state's witness on this subject. Petitioner also argued his trial counsel erred by failing to present character witnesses on Petitioner's behalf.  Id., Exh. M.  Lastly, in this second Rule 32 action Petitioner alleged Ms. Levitt, who was both his appellate counsel and first post-conviction action counsel, was prejudicially incompetent for failing to raise the issue of his trial counsel's performance. Id., Exh. M.

The state court dismissed Petitioner's second Rule 32 action on November 4, 2005, finding the petition was not timely

and that Petitioner had not met an exception to the timeliness rule. The state court also concluded that the claims were procedurally barred, and that the claims were without merit. Id., Exh. N. With regard to the merits of Petitioner's claims, the state court concluded Petitioner's trial counsel's performance was not deficient and that Petitioner was not prejudiced by any of the alleged deficiencies. The state court determined any further impeachment of the victim by her inconsistent pretrial statements would have been cumulative. The state court also decided Petitioner's counsel's strategy to not engage in a battle of experts with regard to CSAAS was not deficient performance nor prejudicial to Petitioner. The state court concluded any such error was not prejudicial, inter alia because counsel effectively cross-examined the state's witness on this point. Id., Exh. N.

Petitioner sought a rehearing regarding this decision, which motion was denied on December 1, 2005. Id., Exh. O & Exh. P. Although the trial court concluded it had erred by finding the claims stated in the second Rule 32 action time-barred, it again found the claims were procedurally barred and without merit. Id., Exh. P. The Arizona Court of Appeals denied review of this decision on August 31, 2006. Id., Exh. R. The Arizona Supreme Court also denied review on May 22, 2007. Id., Exh. S.

Petitioner filed his federal habeas petition on April 24, 2008. Petitioner argues he is entitled to federal habeas relief because he was denied his right to the effective assistance of trial and appellate counsel.

Respondents contend relief on Petitioner's federal habeas claims is procedurally barred because the claims were not properly exhausted in the state courts and Petitioner has not shown cause for, nor prejudice arising from, his procedural default of the claims. Respondents argue the state court's decision finding consideration of the merits of the claims procedurally precluded was an adequate and independent basis for barring federal habeas relief on the merits of the claims.

Replying to the assertion that his claims are procedurally defaulted, Petitioner contends his claims "are not procedurally defaulted because he did not receive the effective assistance of **first post-conviction** counsel--specifically with respect to ineffective assistance of **trial** counsel--to which he was entitled under Halbert v. Michigan, 545 U.S. 605 (2005)."[2] Docket No. 11 at 2 (emphasis in original). Petitioner asserts "Respondents' procedural-default defense is without merit."

---

[2] In Halbert the United States Supreme Court concluded that the federal constitutional guarantees of due process and equal protection required the appointment of counsel for indigent defendants, convicted pursuant to guilty pleas, for purposes of their "first-tier" review in the Michigan Court of Appeals. The Supreme Court determined that the defendant could not have waived his due process and equal protection rights to appointed counsel by means of his guilty plea. See 545 U.S. 605, 125 S. Ct. 2582 (2005). The Sixth Circuit Court of Appeals has concluded that Halbert is not applicable to cases on collateral review at the time it was decided. See Simmons v. Kapture, 516 F.3d 450, 451 (2008). Nonetheless, the issue in Halbert was the defendant's entitlement to appointed counsel during his first appeal as of right after pleading guilty. Petitioner argues Halbert provides that a non-pleading Arizona defendant, for whom a first Rule 32 action is not their first appeal as of right, is constitutionally entitled to the effective assistance of Rule 32 counsel because this is the first instance at which an Arizona defendant may properly raise a claim that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel.

-7-

1   <u>Id.</u>.  Petitioner notes that his second state action for post-

2   conviction relief "argued that his ineffective-assistance-of-

3   trial-counsel claims could not be 'precluded' because (1) he was

4   entitled to effective assistance of first post-conviction

5   counsel with respect to the ineffective-assistance-of-counsel

6   claims, and (2) first post-conviction counsel () was

7   ineffective."  <u>Id.</u>[3]

8       Petitioner contends his case is controlled by <u>Halbert</u>,

9   which was issued during the pendency of Petitioner's second

10  action for state post-conviction relief.  Petitioner contends he

11  has federal constitutional right to the effective assistance of

12  counsel not only for purposes of his direct appeal but also in

13  his first state action for post-conviction relief.  Petitioner

14  argues <u>Halbert</u> established this right because, in Arizona, a

15  defendant's first Rule 32 action is their "first-tier review" of

16  claims of ineffective assistance of trial counsel.  Accordingly,

17  Petitioner asserts, an ineffective assistance of trial counsel

---

19      [3] In Arizona both pleading and non-pleading indigent
    defendants are appointed counsel for their first Rule 32 proceedings.
20  However, this "right" has been held to be a matter of state law, not
    a federal constitutional right.  In <u>Cook v. Schriro</u> the Ninth Circuit
21  recently stated: "There is no constitutional right to counsel,
    however, in state collateral proceedings after exhaustion of direct
22  review."  538 F.3d 1000, 2008 WL 3484870, at * 18, <u>citing</u> <u>Pennsylvania
    v. Finley</u>, 481 U.S. 551, 556, 107 S. Ct. 1990, 1994 (1987) ("[I]t is
23  the source of that right to a lawyer's assistance, combined with the
    nature of the proceedings, that controls the constitutional question.
24  In this case, respondent's access to a lawyer is the result of the
    State's decision, not the command of the United States
25  Constitution.").  The <u>Cook</u> decision continues: "Under Arizona law, a
    defendant is only entitled to counsel through the disposition of his
26  or her first post-conviction petition. ... Because Cook had no
    constitutional right to counsel at the motion for rehearing [of his
27  first post-conviction action] stage, any errors by his counsel could
    not constitute cause to excuse the default..."

28                                  -8-

claim can only properly be raised in a first Rule 32 action and post-conviction counsel who fails to raise such a claim is unconstitutionally ineffective. <u>Id.</u> at 6-7 & 10.[4]  Petitioner further contends that the Arizona courts' procedural rule, precluding claims of ineffective assistance of post-conviction counsel in a subsequent Rule 32 action, is not an "adequate" state rule which would provide an independent basis for barring consideration of the merits of Petitioner's habeas claims. <u>Id.</u> at 10.  Petitioner also asserts that, if he has procedurally defaulted his habeas claims, he has established cause to overcome the default by demonstrating ineffective assistance of post-conviction counsel, an independent constitutional violation.

### II Analysis

### A. Exhaustion

Section 2254 prevents the District Court from granting federal habeas relief based on a claim that the petitioner's federal constitutional rights were violated if the claim was not "exhausted" in the state courts. <u>See</u> 28 U.S.C. § 2254(b)(1)(A) (2003 & Supp. 2008); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); <u>Rose v. Palmateer</u>, 395 F.3d 1108,

---

[4] Adopting this argument would mean that every Arizona defendant could, as a matter of right which they do not now possess, bring a second Rule 32 action asserting their post-conviction counsel was constitutionally ineffective. By this means every defendant could raise the issue of the effectiveness of their trial counsel for the first time in a second Rule 32 action, the non-pleading defendant's third avenue of review, because it would be necessary to undertake an analysis of the validity of the ineffective assistance of trial counsel claim to determine if post-conviction counsel's performance was deficient for failing to raise the claim.

1110 (9th Cir. 2005). "We may not consider any federal-law challenge to a state-court decision unless the federal claim was either addressed by or properly presented to the state court that rendered the decision we have been asked to review." <u>Cook v. Schriro</u>, 538 F.3d 1000, 2008 WL 3484870, at *16 (9th Cir.), <u>quoting</u> <u>Howell v. Mississippi</u>, 543 U.S. 440, 443, 125 S. Ct. 856, 858 (2005). To properly exhaust a federal habeas claim the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. <u>See</u>, <u>e.g.</u>, <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 887-88 (1995); <u>Rose</u>, 395 F.3d at 1110.

**B. Procedural default**

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (2003 & Supp. 2008). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. <u>See</u> <u>Woodford v. Ngo</u>, 541 U.S. 81, 126 S. Ct. 2378, 2387 (2006); <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).

Accordingly, if it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. <u>See</u>, <u>e.g.</u>, <u>Woodford</u>, 541 U.S. at 92-93, 126 S. Ct.

at 2387.   Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.   <u>See</u> <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060; <u>Johnson v. Lewis</u>, 929 F.2d 460, 462 (9th Cir. 1991).   Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule, including rules regarding waiver and the preclusion of claims.   <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); <u>Coleman v. Thompson</u>, 501 U.S. 722, 727-28, 111 S. Ct. 2546, 2553-57 (1991); <u>Ellis v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000); <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002).

However, the state procedural bar providing for the exhaustion of a habeas claim is also an adequate and independent state law basis for a federal court to deny review of the merits of a petitioner's claims for federal habeas relief.   "A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural default."   <u>Cooper v. Brown</u>, 510 F.3d 870, 924 (9th Cir. 2007).   If the District Court finds there is an independent and adequate state procedural ground barring a state court from hearing the merits of a petitioner's claims, "federal habeas review [on those claims] is barred unless the [petitioner] can demonstrate cause for the procedural default

and  actual  prejudice,  or  demonstrate  that  the  failure  to

consider the claims will result in a fundamental miscarriage of

justice."  Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.

1993).  See also Park v. California, 202 F.3d 1146, 1150 (9th

Cir. 2000).  "If a prisoner has defaulted a state claim by

'violating  a  state  procedural  rule  which  would  constitute

adequate and independent grounds to bar direct review ... he may

not raise the claim in federal habeas, absent a showing of cause

and prejudice or actual innocence.'" Ellis, 222 F.3d at 632,

quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> Federal courts hearing habeas petitions may
> not  review  state  convictions,  even  for
> federal constitutional claims, if the state
> court  judgment  procedurally  barring  the
> petitioner's claims rests on an independent
> and adequate state law ground. []. Procedural
> default, a particular type of adequate and
> independent  state  ground,  applies  to  bar
> federal habeas review when the state court
> has  declined  to  address  the  petitioner's
> federal  claims  because  he  failed  to  meet
> state procedural requirements...

Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005)

(internal citations and quotations omitted).

"For the procedural default rule to apply, however, the

application  of  the  state  procedural  rule  must  provide  'an

adequate and independent state law basis' on which the state

court can deny relief." Park, 202 F.3d at 1151, quoting

Coleman, 501 U.S. at 729-30, 111 S. Ct. at 2553-54.

Accordingly, only a "firmly established and regularly followed

state practice" may be interposed by a state to prevent habeas

review of the merits of a federal constitutional claim. Ford v.

-12-

<u>Georgia</u>, 498 U.S. 411, 423-24, 111 S. Ct. 850, 857 (1991); <u>James</u> <u>v. Kentucky</u>, 466 U.S. 341, 48-51, 104 S. Ct. 1830, 1835-37 (1984); <u>Collier v. Bayer</u>, 408 F.3d 1279, 1283-84 (9th Cir. 2005). The United States Supreme Court has affirmed that the Arizona state courts' application of Rule 32.2, Arizona Rules of Criminal Procedure, precluding the post-conviction review of issues if the defendant could have but failed to present them at an earlier proceeding, is a firmly established and regularly followed state practice. See <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002). See also <u>Cook</u>, 2008 WL 3484870, at *17; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931-32 (9th Cir. 1998); <u>Carriger v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992).[5]

If the state raises the existence of an independent and adequate state procedural ground as a defense to relief on the

---

[5] In a decision published only in the Federal Appendix, the Ninth Circuit stated:

> We have previously held that "Arizona's procedural rules are consistently and regularly followed and are adequate to bar federal review." <u>Poland</u>, 169 F.3d at 585. Generally, State rules are deemed inadequate if they are either "selectively applied to bar the claims of certain litigants" or "unsettled due to ambiguous or changing state authority." <u>Wood v. Hall</u>, 130 F.3d 373, 377 (9th Cir. 1997)....
>
> Arizona has not made application of this procedural bar dependent on an antecedent federal ruling, such as the determination of constitutional error. See <u>Carter v. Giurbino</u>, 385 F.3d 1194, 1197-98 (9th Cir. 2004) (finding independence of procedural default because state courts "reject sufficiency of the evidence claims as non-cognizable habeas claims ... solely as a matter of state law")....

<u>Quintero v. Stewart</u>, 121 Fed. App. 203, 206 (2005).

-13-

merits of a habeas petitioner's claims, the petitioner must raise "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule," to avoid a finding that the rule is an adequate and independent bar to habeas relief. Bennett v. Mueller, 322 F.3d 573, 584 & 586 (9th Cir. 2003), quoting Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999). Otherwise, the petitioner must establish cause and actual prejudice to avoid imposition of the procedural bar to relief on the merits of his claims. See Rich v. Calderon, 187 F.3d 1064, 1066 (9th Cir. 1999).

### C. Cause and prejudice

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or cause and actual prejudice to excuse their default of the claim. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 2076 (2006); Dretke v. Haley, 541 U.S. 386, 392-93, 124 S. Ct. 1827, 1852 (2004).

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305

(9th Cir. 1996).   To establish prejudice, the petitioner must show that the underlying alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations.   See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.   See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.   See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Allegedly ineffective assistance of counsel does not establish cause for the failure to properly exhaust a habeas claim in the state court unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted in the state courts.   See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000).   Additionally, "[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient." Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).   See also Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional

-15-

violation").

III   **Analysis   of   Respondents'   allegation   that Petitioner's claims are procedurally barred**

In denying Petitioner's second action for state post-conviction relief,[6] after "having considered the arguments of counsel," the state Superior Court concluded "that all issues identified by counsel could have been raised in the original PCR and [] are therefore precluded..."  Answer, Exh. N at 4.  The Superior Court also addressed the merits of Petitioner's ineffective assistance of counsel claims.   The state Superior Court summarized Petitioner's ineffective assistance of trial counsel claims as arguing counsel "was incompetent because he did not properly prepare for and did not present certain evidence at trial; and he did not prevent certain evidence from being admitted during the trial; and Appellate/Post Conviction Relief counsel was incompetent because she failed to raise the issues noted above."  Id., Exh. N at 2.

The Superior Court noted its review of the record and the fact that it presided over the trial and concluded:

> [Petitioner's] counsel's arguments do not raise a colorable claim of ineffective assistance of trial counsel, and, in any event, that claim is precluded;
> Counsel's arguments do not raise a colorable claim of ineffective assistance of appellate/Post Conviction Relief [counsel] and, in any event, the claim lacks any merit;
> Counsel failed to raise the one issue that

---

[6] As noted *supra*, Petitioner's first state action for post-conviction relief was dismissed after his counsel stated she could find no meritorious claims to raise on his behalf and Petitioner did not file a pro se brief asserting any claims.

-16-

> might have a chance of resulting in review,
> (ie., the 8th amendment issue re: the length
> of the mandatory sentence imposed) even
> though trial counsel raised the issue at
> sentencing.

Id., Exh. N at 2.

The state court also noted the victim's inconsistent statements in court and the evidence regarding her recantations and "her 'impeachment' by her prior statements." Id., Exh. N at 2. The state court continued that any additional

> [c]alling of witnesses to testify about [the
> victim's] recantation or playing a videotape
> of her defense interview would have been
> largely cumulative and was not likely to have
> changed the result. [] The jury was free to
> and did believe the victim's original
> reports. This Court presumes, as it must,
> that trial counsel exercised his trial
> strategy and discretion appropriately.

Id., Exh. N at 3.

The state court also found that it could not find fault with counsel's decision to forego a 'battle of the experts'" regarding CSAAS, noting that counsel

> effectively cross-examined [the state's
> expert] with respect to what motives a child
> might have to accuse someone of sexual
> misconduct. This Court cannot find merit in
> counsel's extended arguments that an opposing
> expert could have made a difference. The
> real issue is whether [the expert] vouched
> for the victim's credibility... Under the
> circumstances, this Court is comfortable with
> the fact that the jury had the opportunity to
> and did weight the conflicts in the testimony
> and after approximately eight (8) hours of
> deliberation, resolved the conflicts in favor
> of the State ...

Id., Exh. N at 3. The state court noted that

-17-

> trial counsel had very limited options
> available to him to deal with the issue of
> semen on the victim's nightgown. He did a
> credible job suggesting the victim's mother
> wore the nightgown or that the semen got on
> the nightgown when the victim climbed into
> her mom's bed or when she changed clothes in
> the bathroom.

Id., Exh. N at 3.

The Superior Court decided that, "[e]ven were this Court inclined to do so, this Court cannot find that if trial counsel had done everything suggested by counsel in this Post Conviction Relief, the result would have changed." Id., Exh. N at 3. Citing Strickland v. Washington, the Superior Court determined that, because trial counsel's performance was not deficient nor prejudicial, appellate and post-conviction relief counsel's failure to raise the issue was not deficient performance nor prejudicial. Id., Exh. N at 4. Accordingly, the state court concluded Petitioner had not raised a colorable claim of ineffective assistance of trial or appellate or post-conviction counsel.

The Arizona Court of Appeals granted review of this decision and denied relief without discussing the merits of Petitioner's ineffective assistance of trial counsel claims. The Arizona Court of Appeals concluded the Superior Court did not abuse its discretion by ruling Petitioner's ineffective assistance of trial counsel claims were precluded by his failure to raise them in his first Rule 32 action. Id., Exh. R at 2. Distinguishing Halbert, the appellate court disagreed with Petitioner's assertion that his ineffective assistance of trial

-18-

counsel claims were not precluded because his first post-conviction counsel's performance was allegedly defective for failing to raise them in that action. Id., Exh. R at 2. The appellate court stated that Petitioner did not have a constitutional right to the effective assistance of post-conviction counsel. Id., Exh. R at 2.

A state court's application of a procedural rule, i.e., the Arizona courts' application of Rule 32.2, Arizona Rule of Criminal Procedure governing the waiver and preclusion of claims,[7] is not undermined if the state court simultaneously rejects the merits of the defendant's constitutional claim. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 1044 n.10 (1989); Bennett, 322 F.3d at 580; Carriger, 971 F.2d at 333. Unless a state court's decision finding a claim

_____

[7]

An Arizona state prisoner may obtain collateral review of any federal constitutional claim in the Arizona state courts pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure. Under Rule 32.2(a) such review is barred, however, if (1) the issues are still raisable on direct appeal or on a post-trial motion, (2) they have been finally adjudicated on the merits on appeal or in a previous collateral proceeding, or (3) they were "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Subsection (c) of Rule 32.2 provides that

[t]he court may infer from the petitioner's failure to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.

Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991).

-19-

procedurally barred "fairly appears" to rest primarily upon federal law, the District Court should not assume that the state judgment failed to rely exclusively on its own sovereign principles.  See Coleman, 501 U.S. at 737, 111 S. Ct. at 2558; Bennett, 322 F.3d at 580.  A state decision adequately rests on a state-law basis when the state court "explicitly" invokes a state procedural rule as a separate basis for its decision denying relief and the state court did not make application of the procedural bar depend on an antecedent ruling on federal law.  See Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003). See also Cooper, 510 F.3d at 924; Bennett, 322 F.3d at 580; Park, 202 F.3d at 1152.[8]

---

[8] [The] AEDPA, [] precludes us from granting a state habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state's adjudication of the claim meets certain criteria. [] We have held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." [] Where, as here, no state court considered [the petitioner's] claim on the merits, § 2254(d) is simply inapplicable.
... Because the state courts never adjudicated [the petitioner's] constitutional claim on the merits, but rejected it on procedural grounds, the better course is to decline to address [the] procedurally-barred claim. See Windham v. Merkle, 163 F.3d 1092, 1101 (9th Cir. 1998). However, if the majority insists on reaching the issue, AEDPA is inapplicable, and our precedent requires de novo review.

Medley v. Runnels, 506 F.3d 857, 870 (9th Cir. 2007) (Ikuta, J., dissenting) (some internal citations omitted).

In this matter the Arizona Court of Appeals, the highest state court to consider the issue, relied on the Rule 32.2 procedural bar as an independent basis for denying review of the merits of Petitioner's ineffective assistance of trial counsel claims.  The state appellate court clearly and expressly held that the issue was waived pursuant to the state's procedural rules and the state court did not overlook this waiver.   The Superior Court's decision to alternatively or simultaneously reject the merits of the claim does not undermine the Court of Appeals' application of the state procedural bar to Petitioner's proper exhaustion of his constitutional claim.  See Harris, 489 U.S. at 264 n.10, 109 S. Ct. at 1044 n.10.  Compare Belmontes v. Ayers, 529 F.3d 834, 855 (9th Cir. 2008)("where, as here, the state court did not 'clearly and expressly' rely solely upon procedural default in rejecting a petitioner's claim, this court may address the merits of that claim."); Lambright v. Stewart, 241 F.3d 1201, 1205 (9th Cir. 2001).

Petitioner has not shown cause for, nor prejudice arising from, his procedural default of his ineffective assistance of trial counsel claim.  Because Petitioner had post-conviction counsel, who decided not to raise an ineffective assistance of trial counsel claim, he was not deprived of any right established by Halbert, i.e., a due process right to appointed counsel.  After counsel filed a brief stating she could find no meritorious issues to raise on Petitioner's behalf, Petitioner himself could have filed a pro per petition asserting he was denied the effective assistance of trial

counsel.   At that time, Petitioner's direct appeal had been stayed and his appointed counsel could have raised any issue regarding insufficient evidence or the improper admission of evidence.   Even if properly exhausted as a separate claim in the state courts, which is arguable, Petitioner's post-conviction counsel's performance was not unconstitutionally deficient nor prejudicial; the state court concluded the ineffective assistance of trial counsel claim raised by Petitioner would have failed on the merits.   Because Petitioner was not deprived of any right to post-conviction counsel or an arguable right to the effective assistance of post-conviction counsel,[9] his allegation of ineffective assistance of post-conviction counsel does not constitute cause for Petitioner's procedural default of his ineffective assistance of trial counsel claim.

### IV Fundamental miscarriage of justice

Absent a showing of cause and prejudice, review of the merits of procedurally defaulted habeas claims is appropriate if the petitioner demonstrates review of the merits of his claims is necessary to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867

---

[9] Petitioner's post-conviction counsel's performance could arguably constitute cause for his procedural default of his claim that his trial counsel was ineffective if post-conviction counsel's performance was defective and Petitioner was prejudiced by the deficiency. See Cook, 2008 WL 3484870, at *18. However, to succeed on an assertion his post-conviction counsel's performance was deficient because counsel failed to raise a particular argument, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir.), cert. denied, 128 S. Ct. 722 (2007); Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006), cert. denied, 128 S. Ct. 177 (2007).

-22-

(1995); <u>Murray v. Carrier</u>, 477 U.S. 478,  485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent.  <u>See</u> <u>Schlup</u>, 513 U.S. at 326-27, 115 S. Ct. at 867 (concluding the "probably resulted" standard rather than the more stringent "clear and convincing" standard must be applied); <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649; <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).

To satisfy the "fundamental miscarriage of justice" standard, Petitioner must establish it is more likely than not that no reasonable juror could have found him guilty of the offenses.  <u>Schlup</u>, 513 U.S. at 327, 115 S. Ct. at 867;[10] <u>Wildman v. Johnson</u>, 261 F.3d 832, 842-43 (9th Cir. 2001).  To be entitled to consideration of his defaulted habeas claims of constitutional error Petitioner must present a colorable showing of factual innocence.  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404, 113 S. Ct. 853, 862 (1993) (applying a very high standard of review to a claim of actual innocence on habeas review because the reviewing court assumed the trial was free of

---

[10] The Supreme Court stated in <u>Schlup</u>:

> [I]f a petitioner [] presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

513 U.S. at 316, 115 S. Ct at 861.

constitutional error).   If Petitioner does not present supplementary post-trial evidence establishing he is factually innocent, he may not avoid the procedural bar to consideration of the merits of his habeas claims; a claim of factual innocence is not a claim of constitutional error.   See Schlup, 513 U.S. at 315, 115 S. Ct. at 861; Coley v. Gonzales, 55 F.3d 1385, 1387 (9th Cir. 1995).[11]

The Supreme Court has recognized that any "actual innocence" exception to a procedural bar to consideration of federal habeas claims is concerned with actual, as opposed to legal, innocence.   See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998); Schlup, 513 U.S. at 324, 115 S. Ct. at 865.   To satisfy the Schlup standard, a petitioner must show that, in light of all the evidence, including new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. See Cooper, 358 F.3d at 1119.   A finding that a petitioner has presented sufficient evidence of his "actual innocence" must be

---

[11] Even if Petitioner can establish his trial included a constitutional violation, i.e., ineffective assistance of counsel, without "new" evidence of his actual innocence, the violation is not a "miscarriage of justice" because the violation did not result in the conviction of one who is "actually innocent."   Conversely, before the Court may excuse Petitioner's procedural error based on the conclusion Petitioner was subjected to a "miscarriage of justice," Petitioner must make a showing that, not only is he factually innocent, but that his trial included constitutional error, i.e., ineffective assistance of counsel.   See Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995). In Schlup, the Supreme Court did not reach the merits of the petitioner's constitutional claims because it concluded the lower court erred by not applying the standard stated in Murray v. Carrier to the petitioner's claim that his actual innocence overcame his procedural default of his habeas claims.

based on "new," reliable evidence not presented at trial.  <u>See</u>
<u>Schlup</u>, 513 U.S. at 324-25, 866.

> To be credible, a claim of actual innocence
> must be based on reliable evidence not
> presented at trial.  Given the rarity of such
> evidence, *in virtually every case, the*
> *allegation of actual innocence has been*
> *summarily rejected*.

<u>Calderon v. Thompson</u>, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-
03 (1998) (emphasis added).

Petitioner has not presented supplementary post-trial
reliable evidence establishing his is factually innocent.  <u>See</u>
<u>Scott v. Lavan</u>, 190 Fed. App. 196, 198 (3d Cir. 2006); <u>Sibley v.</u>
<u>Culliver</u>, 377 F.3d 1196, 1206 (11th Cir. 2004).  Petitioner has
not presented new evidence which, when considered with the
evidence offered at trial, establishes that no reasonable juror
could have found him guilty.  <u>Compare</u> <u>House</u>, 547 U.S. at 537-53,
126 S. Ct. at 2077 (holding that the <u>Schlup</u> standard was
satisfied where new DNA evidence disproved the prime murder
motive of sexual assault, significant issues existed with the
collection of other forensic evidence, and new evidence existed
that the victim's husband may have confessed to the crime).

Furthermore, Petitioner has not supported his
allegations of constitutional error with new reliable evidence,
i.e., exculpatory scientific evidence, trustworthy eyewitness
accounts, or critical physical evidence, that was not presented
at trial, which would establish his actual innocence.  <u>See</u>
<u>Schlup</u>, 513 U.S. at 324, 115 S. Ct. at 865.

**V Merits of Petitioner's claim that his trial counsel was unconstitutionally ineffective, in violation of Petitioner's Sixth Amendment rights.**

Should the Court conclude that the state court's decision was based on the merits of Petitioner's ineffective assistance of trial counsel claims rather than an adequate and independent state procedural bar, or if the Court concludes that Petitioner has shown cause for his procedural default of his ineffective assistance of trial counsel claim, the undersigned concludes the claim may alternatively or additionally be denied on the merits.

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Lambright, 241 F.3d at 1206. The petitioner must overcome the strong presumption that his counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Womack v. Del Papa, 497 F.3d 998, 1004 (9th Cir. 2007), cert. denied, 128 S. Ct. 928 (2008). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed,

"strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066.

To succeed on this claim Petitioner must demonstrate his trial counsel's errors rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993); Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. See Strickland, 466 U.S. at 690, 104 S. Ct. 2052. Petitioner must prove both elements of his Strickland claim, i.e., both deficient performance and prejudice, to be awarded federal habeas relief on this basis. See, e.g., Cooper, 510 F.3d at 925.

Petitioner's assertions of error by trial counsel involve counsel's alleged failure to present evidence of the victim's inconsistent statements and recantation of her original claim of abuse. The state court found and the undersigned agrees that the decision by counsel to not introduce this evidence was neither deficient nor prejudicial because further impeachment evidence would have been cumulative, given that the victim's testimony itself was vague and contradictory and the fact that she recanted her allegations on the witness stand. Furthermore, other testimony was introduced of the victim's recantations, including her second forensic interview and the

-27-

testimony of her grandmother and mother.  The jury obviously found the initial video-taped interview of the victim's statement, in addition to the limited physical evidence, to be believable notwithstanding all of the testimony and evidence of recantation.  The jury was also presented with evidence regarding the victim's potential motives for allegedly falsely accusing Petitioner including the effective cross-examination of the state's expert and, accordingly, counsel's "failure" to call another expert was not deficient performance nor has Petitioner established that any such error was prejudicial.

**VI Conclusion**

Petitioner's claim that he was denied his Sixth Amendment right to the effective assistance of trial counsel is procedurally barred because the claim was not properly exhausted in the state courts and Petitioner has not shown cause for, nor prejudice arising from, his procedural default of a Sixth Amendment claim.  Petitioner has not shown that review of the merits of his claim is necessary to prevent a fundamental miscarriage of justice or that he is factually innocent of the crimes of conviction.

Alternatively, should the Court conclude that the state court's decision was based on the merits of Petitioner's ineffective assistance of trial counsel claims rather than an adequate and independent state procedural bar, or if the Court concludes that Petitioner has shown cause for his procedural default of his ineffective assistance of trial counsel claim, the claim may be denied on the merits.

**IT IS THEREFORE RECOMMENDED** that Mr. Martinez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 16th day of September, 2008.


_____
Mark E. Aspey
United States Magistrate Judge