**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Luis Mariano Martinez, | ) | No. CV 08-785-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Dora B. Schriro; et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. On September 17, 2008, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. Doc. #12. Petitioner filed objections to the R&R, to which Respondents responded and Petitioner replied. Because objections have been filed, the Court will review the Petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Pages 1 through 9 of the R&R recite the factual and procedural history of this case. R&R at 1-9. Neither party has objected to this account and the Court hereby accepts it. Next, pages 9-16 of the R&R lay out the law governing exhaustion, procedural default (including adequate and independent state grounds), and cause and prejudice. R&R at 9-16. This discussion correctly summarizes the law governing what must occur for a federal court

1    to consider the merits of a habeas claim arising under 28 U.S.C. § 2254 and the Court hereby

2    accepts and adopts this legal framework.

3         As a preliminary observation, the Court notes that the framework governing when a

4    federal court may consider the merits of a habeas claim arising from a state court conviction

5    is driven by the principles of comity. *See*, *e.g.*, *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir.

6    1979). Specifically, the federal court should give the state court the first opportunity to

7    consider a claim unless certain very specific exceptions apply. In both his Petition and in his

8    Objections, Petitioner seems to disregard this framework by making arguments without

9    attempting to apply the governing law, or by objecting to the R&R applying the governing

10   law. However, the Court is not free to consider the merits of claims, unless the principles of

11   comity are satisfied.[1] Thus, Petitioner's attempt to make a claim outside of this legal

12   framework must be rejected. Accordingly, this Court, like the R&R, will address Petitioner's

13   arguments within the legal framework governing habeas petitions.

14        Specifically, as recounted in detail in the R&R, for this Court to consider the merits

15   of a habeas claim, the claim must have been exhausted in state court. Doc. #12 at 9-10. If

16   the claim was exhausted in state court, but denied by the state courts for procedural reasons,

17   this Court cannot reach the merits of the claim (unless cause and prejudice is shown[2]) if the

18   state's procedural ruling, or procedural bar, was based on an adequate and independent state

19   law ground. R&R at 10-14. As indicated in the preceding sentence, the federal court may

20   still reach the merits of a procedurally defaulted state court claim if the petitioner can show

21   cause and prejudice to excuse his default. R&R at 14-16.

22        As Petitioner notes in his Objections, Petitioner's claim is that his state court **trial**

23   level counsel was ineffective. Doc. #13 at 8. Further, Petitioner argues that this Court

24

25

26        [1] With the exception that the Court may consider a claim on the merits if the Court
will deny relief. 28 U.S.C. § 2254(b)(2).

27        [2] There is also an actual innocence exception, but in his Objections Petitioner
28   specifically rejects that he is pursuing this exception. Doc. #13 at 3-4.

1    should reach the merits of that claim because his first **post-conviction-relief** counsel was

2    ineffective for not raising the ineffective-assistance-of-trial-counsel claim. Doc. #13 at 8-9.

3    Petitioner bases his ineffective-assistance-of-post-conviction-relief-counsel claim on *Halbert*

4    *v. Michigan*, 545 U.S. 605 (2005); Doc. #13 at 4.

5        However, at no point does Petitioner attempt to make his ineffective-assistance-of-

6    post-conviction-relief-counsel argument within the habeas framework described above.

7    Specifically, in his Petition he states:

8        In sum, Petitioner's valid claim of ineffective assistance of first post-
conviction relief counsel prohibits procedural default of his valid claims of

9        ineffective assistance of trial counsel.

10    Doc. #1 at 36.

11        In his Objections, Petitioner states:

12        Petitioner ... argued [in state court]... that his ineffective-assistance-of-trial-
counsel claims could not be "precluded" because he was entitled to effective

13        assistance of first post-conviction counsel with respect to the ineffective-
assistance-of-trial-counsel claims... .

14    Doc. #13 at 8.

15

16        Petitioner offers no citation within the habeas parlance to support either of these two

17    statements. In fact, it appears that Petitioner is attempting to argue his *Halbert* based

18    (ineffective-assistance-of-post-conviction-relief-counsel) claim completely removes him

19    from the habeas framework. To the extent that is Petitioner's argument, it is rejected. This

20    Court will consider Petitioner's argument within the legal framework governing habeas.

21    Thus, to fit Petitioner's argument into the habeas framework, the Court must interpret the

22    *Halbert* argument in one of two ways: either 1) Petitioner is arguing that the *Halbert* decision

23    causes the state's procedural bar of his ineffective-assistance-of-trial-counsel-claim to <u>not</u>

24    be an adequate state law procedural bar; or 2) Petitioner is arguing that his *Halbert* based

25    (ineffective-assistance-of-post-conviction-relief-counsel) claim is cause to excuse his

26    procedural default of his ineffective-assistance-of-trial-counsel-claim.

27        To begin, before this Court will consider the *Halbert* based (ineffective-assistance-of-

28    post-conviction-relief-counsel) claim for either reason listed above, the Court must determine

1   whether Respondent's contention that this claim has not been exhausted in the state courts

2   has merit.  Doc. #10 at 10.  *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000), holds that

3   before ineffective assistance of counsel can form "cause" to excuse procedural default, the

4   ineffective assistance of counsel claim must be exhausted as an independent claim in the state

5   courts.  Here, Petitioner never exhausted this claim directly in that he never asked any state

6   court to grant him a new "first-round" of post-conviction-relief based on his claim that his

7   first post-conviction-relief counsel was ineffective.   Instead, Respondents assert that

8   Petitioner argued (in state court) that the alleged ineffectiveness of first post-conviction-relief

9   counsel was the reason that, in a second post-conviction-relief petition, the state trial court

10  and appellate court should reach the merits of the ineffectiveness-of-trial-counsel claim.

11  Conversely, Petitioner argues:

12          Petitioner's previous filings already have shown that his federal ineffective-
            assistance-of-first-post-conviction-counsel claim was clearly and
13          unambiguously asserted at every relevant stage of the state court proceedings...
            and the state courts considered the claim (but rejected it on the merits) without
14          suggesting that it was procedurally barred under state law.  ... Consequently,
            there is no legitimate exhaustion issue in this case.

15  Doc. #15 at 9.

16          Thus, the issue is whether exhausting the *Halbert* based claim (ineffective-assistance-

17  of-post-conviction-relief-counsel) as cause for defaulting in state court also exhausts such

18  claim as cause for defaulting in federal court, when a free-standing ineffective-assistance-of-

19  post-conviction-relief-counsel claim was not raised in state court or in federal court.  Based

20  on the facts of this case, the Court finds that Petitioner presented the claim to the state court

21  sufficiently to meet the exhaustion requirement because the state court was put on notice of

22  the ineffective-assistance-of-first-post-conviction-relief counsel claim via the second post-

23  conviction-relief petition.

24          Having determined that the *Halbert* based (ineffective-assistance-of-post-conviction-

25  relief-counsel) claim was exhausted in state court, the Court must now consider whether

26  alleged ineffective-assistance-of-first-post-conviction-relief counsel is a basis for finding the

27  state's procedural bar is not adequate and independent, as is required to treat the claim as

28

- 4 -

1   procedurally defaulted in federal court.  As the R&R recounts, Arizona's procedural rule

2   precluding post-conviction review of issues that could have been raised earlier but were not

3   has been determined to be adequate and independent by the United States Supreme Court.

4   R&R at 12-14.  Therefore, the issue is whether *Halbert*, which was interpreting Michigan

5   law, effectively overruled the line of cases on adequate and independent cited in the R&R

6   (on the issue of the right to post-conviction-relief counsel).

7          *Halbert* involved a defendant in Michigan who pleaded guilty.  Under Michigan law,

8   the Supreme Court found that for a pleading defendant, the discretionary appeal to the

9   Michigan Court of Appeals was a "first-tier" of review. *Halbert*, 545 U.S. at 612-14.  And,

10  because this review was "first-tier" the defendant was entitled to counsel. *Id.* at 619.

11  Similarly, the Ninth Circuit Court of Appeals has held, albeit on a different issue than the

12  right to counsel, that for a pleading defendant, the first post-conviction-relief petition in

13  Arizona is a "first-tier" of review. *Summers v. Schriro*, 481 F.3d 710, 713 (9th Cir. 2007).

14         However, Courts have consistently held that there is no right to counsel for post-

15  conviction petitions when such petition is not a "first-tier" of review; i.e. when there was a

16  direct appeal. *See*, *e.g.*, *Lawrence v. Florida*, 549 U.S. 327, - - - , 127 S.Ct. 1079, 1085

17  (2007); *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000).  In this case, because

18  Petitioner went to trial, he also had a direct appeal to the Arizona Court of Appeals that was

19  a "first-tier" of review.  R&R at 3.  Therefore, the Court finds *Halbert* inapplicable to this

20  case.[3]  Because *Halbert* is inapplicable to Petitioner's situation, the Court further finds that

21

22         [3] Similarly, in *Summers*, the Court of Appeals suggested that to the extent *Halbert* has

23  any applicability to Arizona law, such application is for a pleading defendant. *Summers*, 481
    F.3d at 713.  Specifically, the Court stated, "the Supreme Court held in *Halbert*... that a first-

24  tier 'of-right' review procedure available to a plea-convicted Michigan defendant in lieu of
    a conventional direct appeal is a form of 'direct review' to which a constitutional right to

25  counsel attaches... .  The of-right proceeding available to plea-convicted defendants in

26  Michigan is analogous, though not identical, to a Rule 32 of-right proceeding [in Arizona]."

27  *Id.*  "To bring an of-right proceeding [in Arizona] under Rule 32, a plea-convicted
    defendant... ." *Id.* at 715 (emphasis added).  And the Arizona courts appear to agree. *See*

28  *Arizona v. Pruett*, 912 P.2d 1357, 1359-60 (Ariz. Ct. App. 1995).

1  under these facts, *Halbert* does not overrule the line of cases finding Arizona's procedural

2  bar to be adequate and independent.  Therefore, this Court finds that Petitioner's ineffective-

3  assistance-of-trial-counsel claim is procedurally defaulted.

4  As the R&R correctly recounts, and as indicated above, because the ineffective-

5  assistance-of-trial-counsel claim has been procedurally defaulted, this Court cannot consider

6  the merits of the claim unless Petitioner shows cause and prejudice to excuse this procedural

7  default.  *See* R&R at 12-16.  The R&R concludes, and this Court agrees, that Petitioner's

8  ineffective-assistance-of-post-conviction-relief counsel claim does not show cause to excuse

9  this procedural default.  R&R at 21-22.  The Court reaches this conclusion because the Court

10 finds, as discussed above, that *Halbert* is inapplicable to this case.  Thus, this case is

11 controlled by the cases finding there is no right to post-conviction-relief counsel.

12 Accordingly, even assuming post-conviction-relief counsel was in fact ineffective, such

13 alleged ineffectiveness is insufficient to establish cause to excuse Petitioner's procedural

14 default of his ineffective-assistance-of-trial-counsel claim.  Therefore, this Court cannot

15 reach the merits of the ineffective-assistance-of-trial-counsel claim.

16 Because the Court has reached the conclusion that the ineffective-assistance-of-trial-

17 counsel claim is procedurally defaulted and that Petitioner has not shown cause that would

18 permit this Court to consider the merits of the claim, there are four additional arguments

19 raised by Respondents that this Court need not address.  Specifically, first, because Petitioner

20 cannot show cause to excuse his procedural default, this Court need not consider whether he

21 can establish prejudice.  Second, because the Court has found *Halbert* inapplicable to this

22 case, the Court need not reach Respondent's argument that under *Teague v. Lane*, 489 U.S.

23 288, 310 (1989), *Halbert* is not available to cases on collateral review. Doc. #14 at 8.  Third,

24 because this Court has found that Petitioner has not shown cause to excuse his default, this

25 Court need not reach Respondent's argument that under 28 U.S.C. § 2254(i), ineffective

26 assistance of post-conviction counsel cannot form the basis of habeas relief. Doc. #14 at 5-6.

27 Fourth, because the Court has found that even assuming post-conviction-relief counsel was

28 ineffective Petitioner cannot show cause, the Court need not reach the Respondent's

1   argument, as applied in the R&R, that post-conviction-relief counsel was NOT ineffective

2   because trial counsel was NOT ineffective; therefore, post-conviction-relief counsel could

3   not have been ineffective for failing to raise a claim of ineffective assistance of trial counsel

4   because Petitioner cannot establish prejudice (under either theory) as required by *Strickland*

5   *v. Washington*, 466 U.S. 668 (1984). R&R 21-22. Additionally, this Court need not consider

6   the sub-issue to the fourth issue, which is whether this Court would be required to defer to

7   the state court's finding that neither counsel was ineffective (unless such finding was

8   "contrary to, or involved an unreasonable application of, clearly established Federal law,"

9   or an unreasonable determination of the facts, *see Lockyer v. Andrade*, 538 U.S. 63, 71

10  (2003)) when the state court made this finding only as an alternative holding, and the state

11  court's decision was actually based on a the procedural bar.

12        Alternatively, under 28 U.S.C.§ 2254(b)(2), a federal court can reach the merits of a

13  defaulted claim if the court denies relief. Applying this principle, the R&R recommended

14  that relief on the ineffective-assistance-of-trial-counsel claim could be denied on the merits.

15  R&R at 26-28. Petitioner objected to this conclusion. In responding to Petitioner's

16  objection, Respondents noted that they filed a limited answer addressing only procedural

17  default, but agreed that the claim could be denied on the merits. Doc. #14 at 13. Petitioner

18  objects to reaching the merits in this fashion because there has not been full briefing of the

19  issue. Doc. #15 at 10. Petitioner goes on to argue that if this Court intends to consider the

20  merits, it should order supplemental briefing and an evidentiary hearing. *Id.* While the Court

21  does not agree that Petitioner has shown that an evidentiary hearing would be necessary to

22  adjudicate the merits of this claim, the Court will not reach the merits without an opportunity

23  for further briefing by the parties.[4] Thus, while the Court does not necessarily disagree with

24  the recommendation of the R&R in this regard, because this Court need not alternatively

25  reach the merits, this Court will not adopt the R&R on this point.

26

27        [4] And specifically the Court would want briefing on whether the AEDPA's
    deferential standard of review would be applicable to an alternative holding of the state court
28  as noted in sub-issue four (not addressed) above.

1

Based on the foregoing,

2

IT IS ORDERED that the R&R (Doc. #12) is accepted to the extent indicated above,

3

the objections (Doc. #13 & 15) are overruled to the extent indicated above, the Petition is

4

denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

5

DATED this 12th day of December, 2008.

6

7

8

James A. Teilborg
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28