**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Mariano Martinez, ) | No. CV 08-785-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora B. Schriro; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Court has received the Mandate from the Court of Appeals. Doc. 27. Consistent with the decision of the United States Supreme Court, the Court will order supplemental briefing on the following issues:

1. Whether counsel in Petitioner's first collateral proceeding was ineffective (Doc. 26-1 at 18).
2. Whether Petitioner's claim that trial counsel was ineffective is substantial (*id.*).
3. Whether Petitioner can show prejudice to excuse his procedural default (*id.*).
4. Assuming Petitioner can show 1-3 above, whether trial counsel was ineffective (Doc. 12 at 26-28). This briefing should be made as an objection to the Report and Recommendation. As part of this issue, Petitioner should explain: a) why he claims he is entitled to an evidentiary hearing (Doc. 16 at 7), and b) what specific

issues he believes could be proven at an evidentiary hearing.[1] However, Petitioner should not reserve making his merits objections on the assumption that he will receive an evidentiary hearing. In other words, if the Court determines that an evidentiary hearing is not required, the Court will proceed to rule on the merits without an opportunity for further briefing.

5) As a matter of law as to how this Court should analyze issues 1 and 4, whether the Anti-Terrorism and Effective Death Penalty Act and other habeas comity protocols require this Court to give deference to an alternative holding of the state court.[2]

**IT IS THEREFORE ORDERED** that Petitioner shall file a supplemental brief (including objections to the Report and Recommendation) within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that Respondent shall file a response to the supplemental brief within 30 days of when the brief is filed.

DATED this 2nd day of July, 2012.

James A. Teilborg
United States District Judge

---

[1] In order to qualify for an evidentiary hearing, Petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Belmontes v. Brown*, 414 F.3d 1094, 1124 (9th Cir. 2005)(*rev'd on other grounds Ayers v. Belmontes*, 549 U.S. 7 (2006)); *see also West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010).

[2] Doc. 16 at 7 (... "whether this Court would be required to defer to the state court's finding that neither counsel was ineffective (unless such finding was "contrary to, or involved an unreasonable application of, clearly established Federal law," or an unreasonable determination of the facts, *see Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)) when the state court made this finding only as an alternative holding, and the state court's decision was actually based on a [] procedural bar.").

- 2 -